JUANA DE LOS ÁNGELES y CARMEN RODRÍGUEZ, peticionarias, v. CORTE DE DISTRITO DEL DISTRITO JUDICIAL DE PONCE, HON. HÉCTOR RUIZ SOMOHANO, JUEZ, demandada; DELFÍN F. RODRÍGUEZ FAVALE, interventor.

Núm. 1825.—*Sometido:* Mayo 1, 1950.  *Resuelto:* Junio 23, 1950.

*Víctor Gutiérrez Franqui, Saldaña & Sánchez Vilella, Rafael V. Pérez Marchand y Ernesto Ramos Antonini,* abogados de las peticionarias; *Leopoldo Tormes García y Ramón R. Cabrera,* abogados del interventor.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Con motivo del fallecimiento ab intestato de Clemente Rodríguez Carlo acaecido el 20 de febrero de 1945, su hijo Delfín F. Rodríguez Favale fué nombrado administrador judicial de los bienes relictos por su padre. Este tenía dos seguros de vida en la "Sun Life Assurance Co. of Canada," pólizas números 3,098,590 y 3,163,724 por $10,000 y $4,000, respectivamente. En la segunda designó beneficiario en la cantidad de $1,000 a José I. Rodríguez Carlo, y en cuanto al remanente de $3,000, designó a sus representantes legales; y en la primera designó beneficiario al albacea del asegurado según los términos de su testamento, el cual, como hemos apuntado, no otorgó. La Corte de Distrito de Ponce en 18 de mayo de 1945 declaró únicos y universales herederos del finado a su hijo legítimo Delfín Rodríguez Favale, a sus hijas naturales reconocidas Juana de los Ángeles Rodríguez y Carmen Rodríguez y a su viuda Magdalena Favale en la cuota usufructuaria que determina la ley.

Estando pendiente la administración judicial, los herederos estipularon que las dos pólizas fueran cobradas por Delfín Rodríguez Favale para luego distribuir su importe entre los interesados, de acuerdo con la ley. Rodríguez Favale cobró las pólizas, pagó a José I. Rodríguez Carlo los $1,000 de que se ha hecho referencia y retuvo en su poder los $13,000 restantes. Mientras tanto, el proceso de la administración judicial siguió su curso culminando con la rendición de la cuenta final el 10 de enero de 1947, habiéndose aprobado dicha cuenta y ordenando la cancelación de la fianza el 30 de enero de 1947.

Dos años después de cerrada la administración judicial, o sea el 30 de abril de 1949, las herederas Juana de los Ángeles Rodríguez y Carmen Rodríguez radicaron en la corte inferior una moción dentro del pleito de administración judicial, alegando, *inter alia*, que en distintas ocasiones habían solicitado de Rodríguez Favale que pagase a cada una de ellas la cantidad de $4,333.33 que según ellas les correspondía en el producto de dichas pólizas, lo cual había rehusado; que Rodríguez Favale ha estado utilizando la totalidad del importe de las pólizas desde agosto de 1945 y solicitaron que se le ordenase pagarles lo que les corresponde por el indicado concepto, más intereses legales desde la fecha últimamente indicada. Rodríguez Favale y el abogado Leopoldo Tormes fueron notificados por correo.

Rodríguez Favale compareció personalmente y consignó en la secretaría de la corte a la disposición de sus hermanas, la cantidad de $4,333.33 que era lo que, según él les correspondía y se opuso al pago de los intereses alegando que él no había utilizado el dinero en su propio beneficio, sino que lo había depositado en una cuenta especial descansando en la estipulación que lo autorizaba a cobrar las pólizas; y que no había satisfecho dicha suma porque sus hermanas le reclamaban una cantidad mayor de la que les correspondía.

Se celebró la vista de la moción y la corte recibió evidencia en relación con la misma, dictando luego la resolución que motivó este recurso de *certiorari*. En dicha resolución la corte declaró que carecía de competencia para conocer de la moción porque la misma se había radicado dentro del caso de administración judicial que para aquella fecha había terminado, pero a pesar de ello, discutió las cuestiones envueltas.

Sostienen las peticionarias que la corte debió considerar la moción en controversia como si fuera una demanda en un pleito sobre sentencia declaratoria.

■ A nuestro juicio la corte actuó correctamente al denegar la moción. Como muy bien dicen las peticionarias en su alegato (pág. 7) las pólizas no eran parte de la herencia

y los derechos de las beneficiarias surgieron del contrato de seguro. Así parece que lo entendieron todos cuando dejaron este asunto fuera de la administración judicial. [1]

No podría considerarse la moción como una demanda en pleito sobre sentencia declaratoria sencillamente porque es necesario emplazar a las partes para traerlas a la jurisdicción de la corte. Es verdad que Rodríguez Favale y sus hermanas se sometieron a la jurisdicción desde que las últimas presentaron la moción y el primero la contestó; pero no hay evidencia de que la viuda, quien es parte interesada en el producto de las pólizas, fuera traída a la jurisdicción de la corte. Arguyen las peticionarias que el Lic. Leopoldo Tormes era abogado de Rodríguez Favale y de la viuda en el procedimiento de administración judicial y que habiendo sido notificado dicho abogado de la moción, esto equivalía a notificar a la viuda. La viuda nunca compareció personalmente ni a través de abogado. De los autos resulta que la moción de las hermanas Rodríguez fué notificada a Rodríguez Favale y al abogado Tormes. En la contestación de Rodríguez Favale comparece él personalmente sin asistencia de abogado. Es en la moción de 17 de agosto de 1949 en la que se solicita que se deje sin efecto el señalamiento de la moción de reconsideración radicada por las hermanas Rodríguez, en que comparece Rodríguez Favale, y no la viuda, representado por el abogado Ramón R. Cabrera. El hecho de que el Lic. Tormes fuera abogado de la viuda en el procedimiento de administración judicial, no significa que también lo fuera en este nuevo asunto, pues la relación de abogado y cliente entre ellos cesó desde el momento en que se cerró la administración judicial,

---

[1] En la resolución recurrida, la corte inferior consignó lo siguiente, que no ha sido controvertido por las partes:

"En los autos de este caso aparece una moción suscrita por el Lic. Rafael V. Pérez Marchand, en representación de la peticionaria Juana de los Ángeles Rodríguez, en la cual esta heredera pide, y así fué aceptado por las partes, que el importe de las pólizas de seguro de vida del causante Clemente J. Rodríguez Carlo, se discutirá en un procedimiento al efecto sobre sentencia declaratoria. Este procedimiento aún no ha sido radicado por ninguna de las partes."

al aprobarse la cuenta final y ordenarse la cancelación de la fianza el 30 de enero de 1947.

■ Además, en la hipótesis de que pudiéramos considerar la moción recurrida como una demanda sobre sentencia declaratoria, nos confrontaríamos con la dificultad de que se han promovido ciertas cuestiones de hecho para la resolución de las cuales, precisa que se haya elevado una transcripción de la evidencia recibida en la vista de la moción recurrida y esa transcripción no ha sido elevada.

*Procede anular el auto expedido.*